UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ELIZABETH F. BERTUCCI                                    CIVIL ACTION

VS.                                                      NO. 2:19-CV-10655

AETNA LIFE INSURANCE COMPANY

**COMPLAINT**

The Complaint of Elizabeth F. Bertucci respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. **Plaintiff, Elizabeth F. Bertucci**, of lawful age and a resident of Metairie, Louisiana, is a plan participant and beneficiary of an ERISA plan created by her employer, Capitol One and an insured participant of a group disability policy issued by Aetna Life Insurance Company.

4. Defendant, **Aetna Life Insurance Company ("AETNA"),** is a foreign insurance company doing business in Louisiana. Upon information and belief, Aetna is incorporated in Hartford, Connecticut and its principal place of business is in the state of Connecticut.

5. AETNA issued a group policy insuring the employees of Capitol One. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because her medical condition precluded her from continuing to perform the duties of her job, or the duties of a suitable

alternative occupation, on a fulltime basis. Plaintiff suffers from severe degenerative disk disease with complications such as arachnoiditis. She has undergone multiple spinal surgeries as well as comprehensive pain management treatment. Her MRI demonstrates neuroforaminal stenosis at L4 and L5 with osteophytes and postoperative changes from surgeries. She also suffers from moderate to severe disk space narrowing and a disk space defect.

8. Plaintiff is disabled under the terms of the disability policy issued by AETNA.

9. Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits because the SSA found that her medical condition precludes her from gainful employment.

10. AETNA unlawfully denied Plaintiff benefits she is entitled to under terms of the disability policy.

11. Plaintiff appealed the denial, providing AETNA with additional information demonstrating that she remained disabled, such as the results of an FCE examination, a letter from her treating doctor, and a letter from the Social Security Administration explaining that it continues to believe that her medical condition prevents her from being able to return to work. Nevertheless, AETNA upheld its previous decision.

12. AETNA's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

13. Plaintiff has exhausted her administrative remedies and now files this suit to reverse AETNA's denial of benefits.

14. AETNA has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

15. AETNA has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

16. AETNA has abused its discretion by failing to consider her medical condition in relation to the actual duties of her occupation or of the duties of a suitable alternative occupation.

17. AETNA administered Plaintiff's claim with an inherent and structural conflict of interest as AETNA is liable to pay benefits from its own assets to Plaintiff, and each payment depletes AETNA's assets.

18. AETNA chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

19. As a routine business practice, AETNA uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

20. Plaintiff has been denied the benefits due to her under the Plan, has suffered, and is continuing to suffer economic loss as a result.

21. Plaintiff is entitled to an award of interest on all money that AETNA should have paid to Plaintiff.

22. AETNA's denial has required Plaintiff to hire attorneys to represent her in this matter to recover benefits due to her under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and

4. For all other relief as the facts and law may provide.

>Respectfully submitted,
>
>/s/ Reagan Toledano
>Willeford & Toledano
>Reagan L. Toledano (La. 29687)(T.A.)
>James F. Willeford (La. 13485)
>201 St. Charles Avenue, Suite 4208
>New Orleans, Louisiana 70170
>(504) 582-1286; (f) (313)692-5927
>rtoledano@willefordlaw.com